UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED ENGINEERING SERVICES, INC.,<br><br>Defendant. | Case No. 22-cv-04374-TLT<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 28 |

On July 10, 2023, Plaintiffs moved for an order to show cause (1) why the Court should not hold Defendant Accelerate Engineering Services, Inc. ("Accelerated") and Sierra Elizabeth Schneider, Accelerated's alleged CEO, CFO, and Secretary, in civil contempt and (2) why the Court should not impose monetary sanctions against Accelerated and Ms. Schneider in the amount of $1,400 for the fees incurred in making its motion. *See* ECF No. 28.

Plaintiffs supported its motion with evidence that Accelerated had failed to produce documents in response to the Court's April 13, 2023 order granting a motion for default judgment. *See* ECF Nos. 25, 26; ECF No. 28-1 ("Lauziere Decl.") ¶ 5; *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (describing evidentiary standard to prove civil contempt). But Plaintiffs did not fully address the requirements to hold Ms. Schneider, a non-party, in civil contempt. While Ms. Schneider was served with the Court's April 13, 2023 order, Plaintiffs has not shown that Ms. Schneider abetted Accelerated in violating the order. *See* ECF No. 26; *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323-24 (describing two-part test to hold non-parties in contempt). For example, Plaintiffs did not point to any

declarations by the non-party or other evidence that confirms Ms. Schneider was an officer of Accelerated during the relevant period and had control over Accelerated's compliance with the order at issue. *See e.g., Vasquez v. Libre by Nexus, Inc.*, No. 17-CV-00755, 2023 WL 360242, at *10 (N.D. Cal. Jan. 23, 2023) (providing examples of evidence plaintiff relied on to hold non-party in contempt).

Accordingly, the Court **GRANTS** Plaintiffs' motion for an order to show cause as to Accelerated, but **DENIES** the motion without prejudice as to Ms. Schneider. No later than November 6, 2023, Accelerated shall show cause why civil contempt sanctions should not be imposed against them. Any response to this order shall be supported with admissible evidence. The Court will consider any response filed by Accelerated at a hearing scheduled for March 5, 2024.

Plaintiffs' counsel is hereby ordered to provide a copy of this order to Accelerated and Ms. Schneider within one business day of the date this order is filed and to file a declaration attesting to that within two days thereafter.

**IT IS SO ORDERED.**

Dated: October 24, 2023

TRINA L. THOMPSON
United States District Judge